UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BOTTOM LINE CONCEPTS, LLC,

    Plaintiff,

vs.

PANORAMA MORTGAGE GROUP, LLC,

    Defendant.
_____/

**COMPLAINT AND REQUEST FOR SPEEDY HEARING**

Plaintiff, Bottom Line Concepts, LLC ("Plaintiff" or "Bottom Line"), sues Defendant, Panorama Mortgage Group, LLC ("Panorama"), and alleges:

**INTRODUCTION**

1. Congress enacted the Coronavirus Aid Relief and Economic Stimulus Act ("CARES Act") to assist businesses hampered by the pandemic by providing Employee Retention Credits ("Credits") as a tax refund. This refund process can be complicated. Bottom Line provides consulting services to companies in connection with the application process for these Credits. To date, Bottom Line has helped numerous businesses recover Credits.

2. Panorama was one such business that turned to Bottom Line for help to obtain its Credits. The parties entered into a consulting agreement whereby Bottom Line promised its services in exchange for a fee (the "Contract"). Bottom Line kept its promise and fully performed under the Contract. Thereafter, Panorama submitted an application to the IRS for a significant refund.

3. But Panorama has now reneged on its end of the bargain, refusing to pay Bottom Line. Panorama argues that its signatory to the Contract, its then-Chief Financial Officer Ryan

Rathert, had no authority to sign the Contract — even though (i) Panorama held him out to be an executive and its CFO, (ii) another Panorama executive ratified his signing on its behalf and (iii) Panorama never notified Bottom Line that Rathert had no authority to act on its behalf until after Panorama submitted the application for Credits.

4. Bottom Line seeks to file an arbitration claim to enforce the terms of the Contract. But because Panorama essentially argues that the contract was never formed, Bottom Line must first file this declaratory action asking the Court to determine that Rathert had authority to bind Panorama and that the arbitration provision in the Contract is enforceable.

## JURISDICTION AND VENUE

5. Plaintiff is a Florida limited liability company and a citizen and resident of this State. Its principal place of business is at 3323 Northeast 163rd Street, Suite 302, North Miami Beach, Florida.

6. Panorama is a Nevada limited liability company and a citizen and resident of Nevada. Its principal place of business is at 6623 Las Vegas Boulevard South, Suite F-200, Las Vegas, Nevada.

7. <u>Subject Matter Jurisdiction</u>.  This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C § 1332(a) because (i) if the Court finds that Rathert did not have authority to bind Panorama to the Contract, then the damages to Plaintiff will exceed $75,000, and (ii) Plaintiff and Panorama are citizens of different states.

8. <u>Personal Jurisdiction</u>.  This Court has specific personal jurisdiction over Panorama pursuant to Section 48.193(1)(a), Fla. Stat., because Panorama (i) operates, conducts, engages in, and carries on a business venture in Florida, and has offices in this state; (ii) owns, uses, possesses,

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
Miami Tower, 100 SE 2nd Street, 36th Floor , Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

or holds a mortgage or other lien on real property in Florida; and (iii) breached a contract in Florida by failing to perform acts required by the contract to be performed in this state.

9. This Court also has general jurisdiction over Panorama pursuant to Section 48.193(2), Fla. Stat., because it is engaged in substantial and not isolated activity within this state. Panorama is a mortgage origination and servicing company that has generated more than $1.2 billion in mortgage volume, of which more than $100 million stems from customers in Florida. Indeed, Panorama generates more business in Florida than all other states besides California. Panorama also has more employees in Florida than any other state besides its principal place of business, Nevada.

10. Venue.  Venue is proper in this forum pursuant to 28 U.S. Code § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this District, and because Defendant would be subject to personal jurisdiction with respect to this action in this District if this District were a separate state.

## FACTUAL ALLEGATIONS

11. On or around September 26, 2022, Plaintiff and Panorama entered into the Contract, a true and correct copy of which is attached as **Exhibit A**.

12. Under the Contract, Plaintiff agreed to provide certain consulting services in aid of Panorama's recovery of Credits pursuant to the CARES Act.

13. In exchange for these consulting services, Panorama agreed to pay Plaintiff a fee within five days of the receipt of such Credits by Panorama.

14. Prior to entering into the Contract, Bottom Line discussed the deal with Panorama's then-CFO, Ryan Rathert, and Panorama's President and COO, Sarah Gonzalez.

15. Rathert signed the Contract on behalf of Panorama.

16. Josh Fox signed the Contract on behalf of Plaintiff.

17. After signing the Contract, Plaintiff performed.  Through its consulting services, Plaintiff worked with Panorama's employees, including its executives, to collect the documents and perform the calculations necessary for Panorama to complete the IRS forms necessary to submit for the Credits under the CARES Act.

18. Plaintiff continuously worked and exchanged emails regarding Plaintiff's performance of the Contract with Rathert and Panorama's Senior Vice President of Human Resources, Jaime Akers.

19. In one such email Fox sent Rathert and Gonzalez immediately after the Contract was executed on September 26, 2022, he expressed how excited Bottom Line was to have Panorama as a client.  Panorama's President and COO, Gonzalez, never responded or otherwise attempted to correct Fox's characterization of Panorama as a "client," or to challenge the validity of the Contract.

20. In his capacity as Panorama's CFO, Rathert signed certain IRS forms in connection with Panorama's recovery of the Credits at Plaintiff's direction, including Panorama's Form 941-X and Form 2848, both filed on or around October 13, 2022.

21. Rathert also signed a self-attestation document on behalf of Panorama to affirm that Panorama was eligible to receive the Credits under the CARES Act.

22. In total, Panorama submitted for a significant refund in Credits following Bottom Line's performance under the Contract.

23. As such, under the Contract, Plaintiff is entitled to a fee for its services upon Panorama's receipt of the Credits.

24. Instead, Panorama now asserts that Rathert did not have the authority to execute the Contract on its behalf.

25. Panorama asserts that despite Rathert's title as CFO and Panorama holding him out to be an executive of the company, Rathert did not have authority to enter into the Contract on Panorama's behalf. And Panorama contends that the parties could not have validly entered into the Contract because Rathert did not follow Panorama's internal procedures for executing such contracts.

26. Six months prior to entering into the Contract, Panorama issued a press release whereby it announced Rathert as its CFO.  See **Exhibit B.**  Rathert also held himself out to be Panorama's CFO during this same time on LinkedIn.  See **Exhibit C.**  In fact, Rathert remains on Panorama's website as of January 16, 2023.  See **Exhibit D.**

27. Panorama never informed Plaintiff of the internal procedures that were purportedly necessary to vest Rathert with the authority to enter into the Contract with Plaintiff.  Nor did Panorama take any steps to repudiate, correct, or contest Rathert's signing the Contract on behalf of the company.

28. Instead, Panorama ratified Rathert's execution of the Contract on behalf of the company by permitting Plaintiff to work pursuant to the Contract and by submitting IRS filings for the Credits.

29. Regardless of Panorama's internal procedures, Rathert had actual authority to bind it to the Contract.  Panorama acknowledged that Rathert would act on its behalf for purposes of entering the Contract by holding him out as an executive of the Company, having Rathert discuss the deal, along with Panorama's COO, and by having Rathert sign the Contract on behalf of Panorama.

30. Rathert accepted the undertaking of entering into the Contract. Panorama controlled Rathert's actions in this undertaking because at all relevant times, he was acting in his capacity as its CFO, and for the benefit of Panorama.

31. Alternatively, Rathert had apparent authority because Panorama represented Rathert as its CFO and a person with authority to sign the Contract on the company's behalf. Plaintiff relied on this representation when entering into the Contract, and Plaintiff changed its position as a result of this reliance by performing the Contract.

32. All conditions precedent to the bringing of this action have occurred, been performed or have been waived.

## COUNT I – CLAIM FOR DECLARATORY RELIEF

33. Paragraphs 1 through 32 are incorporated by reference.

34. Panorama asserts that the Contract was never formed because Rathert did not have authority to enter into the Contract on behalf of Panorama.

35. Plaintiff disputes Panorama's assertions regarding the formation, existence and validity of the Contract.

36. In particular, Plaintiff disputes Panorama's assertions that:

   a. Rathert did not have actual authority to enter into the Contract on behalf of Panorama;

   b. Rathert did not have apparent authority to enter into the Contract on behalf of Panorama; and

   c. The Contract is not valid or enforceable.

37. Thus, a bona fide, actual, present practical need for declaration exists.

38. The declaration concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

39. An immunity, power, privilege or right of Plaintiff is dependent upon the facts or the law applicable to the facts.

40. Plaintiff has, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subjection matter, either in fact or law.

41. The antagonistic and adverse interest(s) are all before the court by proper process.

42. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE, Plaintiff respectfully seeks a judgment declaring, *inter alia*, that Rathert had authority to enter the Contract on behalf of Panorama and that the arbitration provision in the Contract is valid and enforceable, and/or any other such declaratory pronouncement as may be deemed proper.

## REQUEST FOR SPEEDY HEARING

Pursuant to Fed. R. Civ. P. 57, Plaintiff requests a speedy hearing of this action.

Date:  January 25, 2023

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Attorney for Plaintiff*
100 SE 2nd Street
Miami Tower, 36th Floor
Miami, FL 33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789

By: */s/ Jason Kellogg*
JASON K. KELLOGG, P.A.
Florida Bar No. 0578401
Primary: jk@lklsg.com
Secondary: ame@lklsg.com
PETER J. SITARAS
Florida Bar No. 1039141
Primary: pjs@lklsg.com
Secondary: acd@lklsg.com